## Elizabeth Mawich v. Samuel Elsey.

*Striking case from docket—Indecent assault—Improper exclusion of testi-
mony—Scheme for extortion—Stenographic notes of absent witness' testi-
mony—Credibility of witnesses.*

A case may be stricken from the docket, with full costs as for a hearing,
where plaintiff in error, after noticing it for trial, does not furnish
opposing counsel with a copy of the printed record until late in the
day preceding that of the hearing.

In an action by a woman for an indecent assault upon her committed by
defendant in her own rooms, it was proper in examining a witness,
for the plaintiff to ask, as preliminary to more definite inquiries,
whether the witness had ever seen defendant in plaintiff's rooms.

Where an affirmative answer to a question improperly excluded might
have prejudiced the prevailing party, it is not open to him to claim
that the question would not have been affirmatively answered, and
it is proper for the purpose of a review on error, to assume that it
might have been.

A woman whose husband's employer had discharged him sued the
employer for an indecent assault upon her. *Held* proper to strike
out as hearsay a witness' testimony that she had heard of the case
from the husband before his discharge.

It is discretionary with a trial judge to admit or reject testimony at a
stage of the case when its purpose is to anticipate the defence.

In an action by a woman for an indecent assault it is error to exclude
plaintiff's testimony that before the act defendant had addressed her
in unchaste language and had solicited sexual indulgence.

Defendant in an action brought by a woman for an indecent assault
upon her, may properly put in evidence statements· made by the
plaintiff's husband, tending to show that the action was brought to
carry out a scheme contrived by the husband's wife for extorting
money; and these statements are admissible even though made in
the wife's absence. But the conspiracy must be clearly made out to
render such evidence admissible, and good practice requires that it
should be shown before the statements are proved.

A woman brought suit against her husband's employer for an indecent
assault. The employer had discharged the husband before the action
was brought. *Held* proper for him to show the reason why, in order
to exclude the pretense that it was induced by any change caused by
defendant's alleged misbehavior.

Error cannot be assigned on the admission of testimony that has been previously introduced without objection.

One cannot introduce the stenographic notes of testimony given on a former trial without having exhausted the best sources of information reasonably accessible to learn whether the witness himself cannot be found; this was so *held* where the witness' wife was not questioned as to his whereabouts.

The trial judge has a large discretion in regard to the style of his charge so long as the judgment of the jury is in no degree subordinated to his opinion on the facts.

The judge and jury are respectively independent in determining questions of law and fact; and neither can invade the other's province.

The credibility of witnesses, in actions at law, is a question for the jury alone whose exclusive duty it is to deduce and collate the necessary inferences from their testimony without being influenced by the judge's opinion thereon, no matter what he ' thinks of the abstract justice of the verdict.

Motion to strike the case from the docket. Submitted April 12. Granted April 13.

*Edwin F. Conely* for the motion.

PER CURIAM. Where the plaintiff in error had noticed the case for hearing but neglected to furnish opposing counsel with a printed record until late in the day immediately preceding that set for hearing, the case was, on the latter's motion, stricken from the docket with full costs as for a hearing.

Error to Superior Court of Detroit. Submitted June 29. Decided October 12.

CASE, begun by *capias ad respondendum.* Plaintiff brings error. Reversed.

*B. T. Prentis* for plaintiff in error.

*Geo. W. Radford* for defendant in error. Stenographic notes of testimony given on a former trial is admissible where the witness has left the State: *Howard v. Patrick.* 38 Mich. 799.

GRAVES, J.  The plaintiff, a married woman, brought this
action in the Superior Court of Detroit to obtain damages for
an assault of an indecent kind which she alleges the defend-
ant committed upon her.   The jury found against her and
she asks a reversal on sundry exceptions taken at the trial.
The general inquiry is whether any mistakes so far serious
were committed as to render it necessary to disturb the
result.   The theory on which the defendant resisted the suit
was that the charge was a sheer fabrication by the plaintiff
and her husband to extort money, and of course that they
were guilty confederates in the plot and in the prosecution
of the action; and no doubt the jury fully accepted this
theory.

The husband had been in defendant's employment for
several years and they resided in a suite of rooms in the
upper part of a building belonging to defendant and situated
only a few feet distant from his dwelling-house.   She swore
that there were two assaults and that both were committed
in said apartments.   That the first was between two and
three o'clock on Sunday afternoon September 22, 1878, and
the second between five and six o'clock in the afternoon of
Christmas in the same year.   That she told her husband that
defendant had used indecent language to her; but he con-
tinued however at work until in the winter of 1879 at which
time the defendant discharged him.   That she then for the
first time fully informed her husband of the character of
defendant's conduct, and shortly afterwards brought this
suit.   That defendant had said to her that he would kill her
if she disclosed the truth to her husband and that she was
afraid, if she did so, that he would execute his threat, and
turn off her husband.

A witness sworn in her behalf was asked if he had ever
seen the defendant in her room, and on objection the question
was excluded.   No cause for the objection was given nor
was any reason intimated for the ruling.   The question was
mainly preliminary and was strictly proper as an introduction
to more definite inquiries.   The answer regularly called for
was a simple affirmative or negative.   Had it been the latter

it would have closed the examination on that subject and without prejudice to defendant. But if the former, it would by itself have somewhat favored the plaintiff. Besides it would have paved the way for further questions to fix the occasions, and it is not open to defendant to take advantage of the silence which his objection imposed upon the witness and to contend that the answer would not have been in the affirmative. It is proper for the purpose of this review to suppose it would have been. The natural effect of this ruling was not only to exclude the mere affirmative answer, but likewise all further evidence to which such an answer would have been legitimately introductory. And it is not to be arbitrarily assumed that such evidence would not have tended to show that the witness saw defendant in the plaintiff's apartments on the very occasion fixed by her for the alleged assaults. In view of all the circumstances the impression is unavoidable that the inquiry ruled out was a proper one, and it cannot be taken for granted that the exclusion of it worked no prejudice to the plaintiff.

The same witness having testified that he heard of this case from the plaintiff's husband before his discharge by the defendant, the court ordered the testimony stricken out. This was not error. The statement was hearsay; and moreover, as now explained, the object was to anticipate the defence; and had the mode of proof been unobjectionable it would still have been discretionary to admit or refuse the showing at that stage of the case. The plaintiff was not allowed to testify that prior to the attempts in question the defendant had addressed her in unchaste language and had solicited sexual indulgence. The ruling was incorrect. In view of the nature of the injuries charged and of the issue it was competent to show, if it were true, that his previous manner towards her had been lascivious and such as to imply that he was coveting her person. It would not have been the giving of proof of an independent and collateral cause of action, for the offer was not to show any conduct amounting to a cause of action; nor would it have been proof of matters indicative of gen-

eral depravity or wickedness as a ground of argument that he was hence more likely to commit the acts imputed. But it would have been a submission of evidence to explain surrounding circumstances and show that the defendant's antecedent manner and state of mind towards the plaintiff had tended in the direction of the particular acts complained of, and that the different incidents were but parts of the same line of conduct, and the evidence, if believed, would naturally have lent credence to the plantiff's case.

The court allowed the defendant to give in evidence various statements made by plaintiff's husband out of her presence, and tending to prove that the action was baseless and malicious and was brought to carry out a scheme contrived by the two in order to extort money from the defendant.

If the supposed combination actually existed, the declarations of the husband respecting the suit and relative to its origination, though made out of the plaintiff's presence, were competent evidence against her. It however appears that much of this kind of evidence was allowed prior to any showing of the existence of a confederacy, and it is firmly and wisely settled that good practice requires the connection to be first made out. Because if the proof on that subject is not subsequently given, the declarations which have been admitted in anticipation of it become incompetent, and they may have produced impressions too strong to be effaced. In this instance the evidence to establish the combination was not omitted. It was introduced at a later stage of the trial and out of the usual order. But as it was actually put in, the subject calls for no further notice at this time.

It was competent for defendant to show why he discharged the plaintiff's husband for the purpose of excluding all pretence of being induced by any change caused by defendant's alleged misbehavior. The ground of Ristan's discharge had been fully explained already by defendant's foreman and without objection when defendant's statement of the same thing was objected to. The exceptions respecting these matters have no force. The twelfth assignment of error is frivolous and requires no notice.

One Passie had sworn on a former trial but was not present on the last. His testimony had been taken by the stenographer of the court, and the defendant asked leave to read it in evidence, and as laying a foundation therefor, he testified that he did not know where Passie was; that defendant's foreman and Passie's wife told him that Passie had gone, one saying to San Francisco and the other to St. Louis, and that he, the defendant, was sick in bed at the time Passie went away, and the foreman referred to testified to having seen Passie about three weeks before the trial, and that Passie then told him he was going to St. Louis and showed a railroad ticket from Detroit to Toledo and one from Toledo to St. Louis, and that the witness did not know whether he went or not. No other evidence was given to prove either that he was out of the jurisdiction or inaccessible to process. His wife was examined as a witness for the defendant but she was not questioned at all on the subject. The court overruled an objection by the plaintiff and allowed the notes of the stenographer to be read as evidence. It may be doubted whether the defendant made a sufficient showing under the circumstances to authorize the admission of the minutes. It was incumbent on him to exhaust the best sources of information which were reasonably accessible to him in order to satisfy the claims of good faith and present a fair case for the judgment of the trial judge, and in view of the circumstances it would seem to have been proper to have examined Mrs. Passie on the subject.

It does not become material, however, to decide whether this ruling, if the case depended on it, would be sufficient to require a reversal. The general character and spirit of the charge are complained of. It is objected that it was so framed as to operate upon the jury as an argument from the bench in favor of the defendant, and that the effect could not have been very different from that of an explicit direction to find against the plaintiff. We think that a large discretion must be left with the trial judge in regard to the style and general manner of the charge in case the law is not erroneously laid down or erroneously omitted. And so

long as the judgment of the jury is in no degree subordinated to the judge's opinion on the facts, and is fully allowed to exercise itself without any pressure from him on all the evidence, the case to support an exception on account of the tone and method of the charge respecting the evidence must be very unusual to say the least. The charge before us is unquestionably a very strong summing up on the facts adversely to the plaintiff, and we are inclined to think that the judge, under his anxiety to secure a verdict, and his settled opinion as to what it should be, perhaps, was led too far; and that he not only made known the state of his own mind on the evidence, but pretty distinctly indicated that it was the only view which the case admitted.

As the trial involved an inquiry into the credibility of witnesses, and included the duty of drawing collateral inferences, it is not an occasion for the court to test the result by applying thereto its own judgment, and it matters not what our opinion may be of the abstract justice of the verdict. The case belongs to that class respecting which there exists the strongest reason for strict adherence to the rule that in the determination of questions of law and fact the judge and jury are respectively independent, and neither is allowed to invade the province of the other.

This disposes of all the points insisted on which deserve any notice, and the conclusion is that the judgment should be reversed with costs and a new trial granted.

The other Justices concurred.