REYNOLDS, RESPONDENT, v. FITZPATRICK ET AL.,
APPELLANTS.

(No. 1,553.)

(Submitted April 29, 1903.   Decided May 11, 1903.)

*Chattel Mortgage — Conversion of Mortgaged Property—Defenses—Title in Third Person—Evidence—Hearsay — Appeal—Decision—Estoppel.*

1. Testimony, by a mortgagee of personalty, that the one who it was claimed had purchased it told him that the owners said the sale could be made if he, the mortgagee, was willing, was inadmissible as hearsay.

2. Where on appeal, it appears that there was sufficient competent testimony to sustain the verdict, under proper instructions, and the record does not contain the instructions, it will be presumed that the court properly instructed the jury.

3. To warrant the introduction of the testimony of an absent witness, given upon a former trial, the party seeking to introduce such testimony must preliminarily prove the fact of departure or absence of such witness by positive testimony, or by the existence of circumstances from which departure or absence can be reasonably inferred.

4. A party offering the testimony of a witness on a former trial showed that a subpoena was issued, which was returned with the sheriff's indorsement that he could not find the witness, and the party testified that he heard that the witness lived at a certain place, and he had written his (the party's) daughter about it, who said she had not heard of him in two years; that he inquired of a man in another place, who said that the witness had gone to the Klondike, and inquired of other parties, who said they did not know where he was. *Held* error to admit the testimony on the former trial, as the proof failed to show that the witness was out of the state, or, if so, it did not show that he might not have started a few days before trial.

5. Testimony that a third person told plaintiff, who was seeking to introduce the testimony of a witness given at a former trial, that said witness had gone to the Klondike, was hearsay.

6. On a motion to introduce the testimony of a witness given on a former trial, the stenographer who officiated at the former trial was sworn, but did not testify that the transcript presented was a correct copy of the testimony as actually given. *Held* error to admit the testimony.

7. *Quaere:* Whether the testimony of a witness given at a former trial can be proven by the notes of the official stenographer who took it, or by a transcript of such notes.

8. In an action for conversion the burden is upon plaintiff to show either title or right of possession in himself. Proof on the part of defendant of title and possession in a third person would constitute an absolute defense to the action.

9. In an action for conversion, plaintiff did not claim to be the owner of the property converted, but claimed the right to the immediate possession thereof by reason of an alleged default in the terms of a verbal mortgage

claimed by him to cover the property. *Held* error to exclude testimony that, prior to any assertion by plaintiff of his rights under the mortgage, the mortgagor, who then had possession of the property, had sold the same to a third person, who had no notice of plaintiff's rights, as this evidence tended to show title in the third person, and therefore to defeat the action.

10. A party is estopped from claiming that he is not bound by a decision procured by his own appeal and solicitation.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

ACTION by J. B. Reynolds against John Fitzpatrick and John Conley, as sheriff and deputy sheriff. From a judgment for plaintiff and from an order overruling a motion for a new trial, defendants appeal. Reversed.

*Mr. W. H. Trippet,* for Appellants.

*Mr. H. R. Whitehill,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

This case has heretofore been before the supreme court on appeal from a judgment of nonsuit, and was reversed and remanded. (*Reynolds* v. *Fitzpatrick,* 23 Mont. 52, 57 Pac. 452.)

A trial of the case was then had in the court below, resulting in a verdict and judgment for the plaintiff. From this judgment, and from an order overruling a motion for a new trial, the defendant prosecutes this appeal. No new or amended pleadings were filed after reversal by this court.

A very full and complete statement of plaintiff's case, and the testimony adduced in his behalf upon the first trial, is found in the opinion of the court (23 Mont. 52, 57 Pac. 452), which we adopt and refer to as a portion of the statement herein. It seems only necessary to add thereto the fact that, upon the retrial of the case, the plaintiff introduced additional testimony as to the value of the property, and the defendants introduced witnesses who also testified as to such value, and a witness who

claimed to have been a *bona fide* purchaser of the property in question from one John A. Hall, who was in possession thereof at the time of the levy of the attachments in question, claiming its ownership.

The appellants assign four errors in their brief, as follows: (1) Refusal to strike out hearsay testimony. (2) Allowing plaintiff's witnesses to testify as to the value of the property, without proper qualification therefor. (3) Permitting the testimony of John A. Hall, who testified upon the former trial, to be read in evidence and considered by the jury. (4) Refusing to allow defendants to introduce proof of a sale of all the property in question by Hall to J. V. Collins, after the levy of the attachments in question. We shall consider these several assignments of error *seriatim*.

1. As to the first error assigned. The testimony, a part of which was sought to be stricken out, is as follows: "Mr. Hall met me down here on the street, and said he was about to buy it out only if I was satisfied. Clark told him that if I was satisfied they could make the trade. * * * I did not hear the conversation, but he told me this." What Clark told Hall was undoubtedly the clearest kind of hearsay testimony, and, a seasonable objection having been made, should have been stricken out on motion.

2. As to the second error assigned. There was sufficient competent testimony introduced before the jury upon which they might have rendered their verdict for the plaintiff, under proper instructions of the court. The record does not contain these instructions, and we must presume that the court below properly directed the jury as to the consideration of the testimony adduced upon the different issues in the case. There was therefore no error upon these rulings.

3. As to the third error assigned. It is claimed that this testimony was admissible under Section 3146 of the Code of Civil Procedure, which provides: "In conformity with the preceding provisions, evidence may be given upon a trial of the following facts: * * * (8) The testimony of a witness

deceased, or out of the jurisdiction, or unable to testify, given in a former action between the same parties, relating to the same matter."

It is very apparent that, before such testimony became competent and could have been introduced, the burden of proof was upon the plaintiff to show the existence of one of the conditions of Subdivision 8, *supra*, viz: (1) That the witness was dead; (2) that he was out of the jurisdiction; or (3) that he was unable to testify. The only preliminary proof offered was: First, a subpoena issued on September 19, 1899, to the sheriff of Deer Lodge county, requiring the witness' presence in court on September 23, 1899, which was returned by the sheriff to the effect that he had failed to find the witness; and, second, the testimony of plaintiff, which is as follows: "I will state what efforts I have made in endeavoring to discover the whereabouts of Mr. John A. Hall, who was a witness in the case the last time it was tried. I wrote to my daughter at Twin Bridges; she knew him; I wrote to Twin Bridges because I heard he lived there; that was his former residence, between there and Sheridan. She said she had not heard of him in two years. I also inquired of a man in Butte who said he knew him, and he told me that Hall had gone to the Klondike. I also inquired here of McKinnon & McKay; they were acquainted with him; they said they would know where he was; they had not heard of him for a couple of years. I heard he had worked for them in the store formerly; they said they had not heard of him for a couple of years, and could not tell where he was."

This statute is but declaratory of the common law as announced by the decisions of the highest courts of several of the states; and therefore we must be guided in its application by the same rules as those applied by the common law in similar instances. We find, upon examination of the decisions, that a party seeking to introduce the testimony of a witness given upon a former trial is required to introduce preliminary evidence of the existence of the reasons for its introduction, and that, if it is sought to be introduced because of the absence of the witness

from the jurisdiction of the court, the party seeking its introduction is required to show the fact of departure or absence by positive testimony, or by the existence of such circumstances as would warrant the inference of departure or absence. In *Baldwin* v. *St. Louis, K. & N. Ry. Co.,* 68 Iowa, 37, 25 N. W. 918, the supreme court of Iowa uses the following language: "The fact that the witness had left the state should have been established by the testimony of some one who knew the fact, or could testify to circumstances within his knowledge which would justify the inference of such fact." (See, also, *Augusta & S. R. Co.* v. *Randall,* 85 Ga. 297, 11 S. E. 706; *Mawich* v. *Elsey,* 47 Mich. 10, 8 N. W. 587, 10 N. W. 57; *Slusser, Taylor & Co.* v. *City of Burlington,* 47 Iowa, 300; *Wilder* v. *City of St. Paul,* 12 Minn. 192.)

The state of California has a statute similar to the above, under which the courts of that state have held that the witness must be out of the state, and if he is within its borders, although at a point more than thirty miles distant from the place of trial, his testimony given at a former trial is not admissible. (*Meyer* v. *Roth,* 51 Cal. 582; *Butcher* v. *Vaca Valley Ry. Co.,* 56 Cal. 598.)

In our opinion the record fails to disclose any positive testimony that the witness had departed from or was out of the state at the time of the trial, or the existence of any circumstances from which such departure or absence could be reasonable inferred. The only testimony even tending to show this fact is that of Reynolds, who says, "I also inquired of a man in Butte, who said he knew him, and he told me that Hall had gone to the Klondike." Plaintiff did not call this man as a witness, so that he could be cross-examined and the source of his information ascertained. The testimony given was not direct or positive, but pure hearsay. No circumstances were detailed from which the inference of the fact of departure or absence could be safely drawn. What the man said may have been mere rumor. Again, plaintiff does not disclose the date of said inquiries. It might have transpired, if Hall had gone to the Klondike, that

he only started a few days before the trial, and that ample opportunity might might have existed to subpoena him or to have taken his testimony anew, or that the time of such inquiry was so remote that he might have returned. All the other testimony offered was to the effect that his whereabouts was unknown, and is entirely consistent with the fact that he was within the state. Plaintiff did not show that he made any effort to communicate with the witness at his last known residence. We are therefore satisfied that plaintiff did not make such showing as to warrant the introduction of Hall's testimony given on the former trial of the case.

But again, even if proper proof had been presented to warrant the introduction of this testimony, it could not have been introduced without proof that it was actually given on the former trial. The stenographer who officiated at the former trial was sworn. He did not testify that the transcript of the testimony presented and read in evidence was a correct copy of the testimony as actually given. So that the testimony as introduced was simply a copy of the evidence given upon the former trial, without proof of its correctness. There is also a serious question as to whether the testimony of a witness given at a former trial can be proven by the notes of the official stenographer who took it, or by a transcript of such notes. (*Reid* v. *Reid,* 73 Cal. 206, 14 Pac. 781; *Lipscomb* v. *Lyon,* 19 Neb. 511, 27 N. W. 731.) But inasmuch as objection was not made on that ground, we do not decide its availability.

4. As to the fourth error assigned. It must be remembered that this action was for an alleged conversion of certain personal property. The burden was upon the plaintiff to show either title or right of possession to the property resting in himself. The right of possession was alleged and denied. Proof of title and possession of the property in a third person could be introduced, and, if satisfactory to the jury, would constitute an absolute defense to the action. (*Gallick* v. *Bordeaux,* 22 Mont. 476, 56 Pac. 961, and cases cited.) Plaintiff did not claim to be the legal owner of the property, but claimed the

right to the immediate possession thereof because of an alleged default in the terms and conditions of a mortgage which he claimed to hold covering the property.

A brief reference to the facts is necessary to understand the exact situation in regard to this question. Reynolds had theretofore sold a part of the property in question to Maddox and Clark, and had taken a chattel mortgage from them to secure the payment of a note given by them for a portion of the purchase price. Hall, with the consent of Reynolds, purchased the property from Clark, the successor of Maddox and Clark. The supreme court, on the former appeal, held that by this purchase Hall became the owner of the property; that by the agreement between Hall and Reynolds a new, verbal mortgage was given by Hall to Reynolds, which superseded the Maddox and Clark mortgage by novation, and that the liability of Maddox and Clark was extinguished; that, after this new arrangement was completed and Hall had taken possession of the property, the same was levied upon by creditors of Maddox and Clark; that the mortgage from Maddox and Clark was void as to their creditors. Therefore the following situation existed: Hall was the owner and in possession of the property in question, subject, as between himself and Reynolds, to a parol mortgage given by himself to Reynolds. This mortgage, under the terms of Section 3861 of the Civil Code, was void as against any subsequent purchaser of the property in good faith for value. Defendants sought to show that Hall sold this property to one Collins for a valuable consideration, without notice or knowledge on the part of Collins of the existence of the verbal mortgage from Hall to Reynolds, and without notice of the claim of Reynolds, and therefore to a *bona fide* purchaser. This purchase was claimed to have been made prior to the commencement of this suit, or to the assertion by Reynolds of his right under this parol mortgage by any action or process, and prior to any attempt on his part to take possession of any of the property under the terms of the alleged mortgage. In our opinion such testimony was competent, and, if established to the satisfaction

of the jury, would have been an absolute defense to plaintiff's alleged cause of action.

Counsel for appellants insist that the decision of the supreme court on the former appeal was erroneous, and that it is not the law of the case. While there may be serious doubt as to the correctness of either of these propositions, we do not deem it necessary to consider or decide the question upon this appeal. So far as plaintiff is concerned, he is estopped from asserting or claiming that he is not bound by that decision. It was procured by his own appeal and solicitation, and he is now estopped to question it. (*Newell* v. *Meyendorff,* 9 Mont. 254, 23 Pac. 333, 8 L. R. A. 440, 18 Am. St. Rep. 738.) We can therefore see no good reason why appellants should contend that the former ruling of the supreme court was erroneous or is not the law of the case, at least upon this appeal; but by this language we do not desire to be understood that under proper circumstances we would or would not consider these or like questions.

We are therefore of the opinion that the decision of the court below should be reversed, and a new trial be granted.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment of the court below is reversed, and a new trial granted.

MR. CHIEF JUSTICE BRANTLY was disqualified, and took no part in the decision.