GLADYS McKENNY, Appellee, v. J. M. DAVIS, Appellant.

ASSAULT AND BATTERY: Other Offenses to Show Purpose. In
1  damage action for lascivious assault, evidence of an unalleged previous and nonremote assault on plaintiff is admissible, as bearing on defendant's purpose in making the later assault, on which recovery is sought.

EVIDENCE: Lascivious Relation of, Parties. In damage action
2  for lascivious assault, statements by defendant to plaintiff and others, suggestive of a lascivious disposition toward plaintiff, are admissible, as tending to prove such disposition.

TRIAL: Misconduct in Argument—Inadequate Objection. Objec-
3  tion to improper argument is waived by the objecting counsel by tacitly directing the arguing counsel to proceed with his argument, after a controversy as to the propriety of the argument.

TRIAL: Verdict—Impeachment. Jury-room arguments based on
4  the evidence may not be shown by affidavits.

*Appeal from Harrison District Court.*—SHELBY CULLISON, Judge.

July 6, 1920.

Action for damages consequent upon alleged assaults resulted in a verdict and judgment for plaintiff. The defendant appeals.—*Affirmed.*

*J. A. Murray,* for appellant.

*Burke & Welch* and *Robertson & Havens,* for appellee.

Ladd, J.—I. The petition is in two counts, one alleging that defendant had assaulted plaintiff about September 1, 1917, with the purpose of having intercourse with her, and the other that he did so about February 15, 1918. After plaintiff had testified concerning the assault first alleged, she swore that, later in the year, defendant came to the house where she lived, and, over objection, was permitted to relate that he then put his arms about her, pulled at her dress, and undertook to get her into an adjoining bedroom, saying that she "would have to come through, because there was nobody there" but the two. She also swore, over objection, that he hurt her by taking hold of and jerking her; that it made her nervous and sick for a month or so. This last evidence tended to show the extent and nature of the assault upon her, and, as we think, was admissible for that purpose. The evidence of the assault itself was clearly admissible, as bearing on his purpose and object in making the assault in February following. *Smith v. Hendrix,* 149 Iowa 255. As pointed out in *Mawich v. Elsey,* 47 Mich. 10 (10 N. W. 57):

1. Assault and Battery: other offenses to show purpose.

"In view of the nature of the injuries charged, and of the issue, it was competent to show, if it were true, that his previous manner towards her had been lascivious, and such as to imply that he was coveting her person. It would not have been the giving of proof of an independent and collateral cause of action; for the offer was

not to show any conduct amounting to a cause of action, nor would it have been proof of matters indicative of general depravity or wickedness, as a ground of argument, that he was hence more likely to commit the acts imputed. But it would have been a submission of evidence to explain surrounding circumstances, and show that the defendant's antecedent manner and state of mind towards the plaintiff had tended in the direction of the particular acts complained of, and that the different incidents were but parts of the same line of conduct; and the evidence, if believed, would naturally have lent credence to the plaintiff's case."

II. Testimony of conversations between the parties hereto over the telephone, in one of which defendant is said to have suggested that plaintiff come to his office, and in another of which he proposed to go "hazelnut hunting," and said that her husband "did not have to go," was received, over objection. The ruling was correct; for the purported conversations tended to prove his lascivious disposition toward her. For the same reason, the testimony of Brown, that defendant had said to him that he believed he could put his arms around and hug plaintiff, but could not have intercourse with her, was admissible. He was a married man at the time, and she, with her husband, was in his employment on his farm. Their three children were living with them, and there appears to have been no occasion for his remarks, other than expressing his own inclinations.

2. EVIDENCE: lascivious relation of parties.

III. An attorney for plaintiff, in the course of his argument, referred to the statement of plaintiff's husband, which was stricken on motion, that he had "heard he. [defendant] was that kind of a man;" when counsel for defendant objected, "as improper argument," and thereafter moved to "strike out the argument of counsel as improper."

3. TRIAL: misconduct in argument: inadequate objection.

"Mr. Robertson: I didn't understand that the statement was stricken.

"Mr. Murray: That is all right. If it had not been, you don't need to make any argument about it. Go ahead with the argument, Mr. Welch.

"Mr. Welch: If you want the argument stricken, you can have it go out.

"Mr. Murray: Let Mr. Welch take care of this part of it."

As there was no ruling, the court must have regarded what counsel for appellant said as waiving the objection. As he advised the orator to go on with his argument, instead of taking advantage of his consent that what he said be stricken, there was no other conclusion to reach.

There was but one other objection, and that related to plaintiff's home, and how plaintiff regarded it. This was within the record, and not open to criticism.

4. TRIAL: verdict: impeachment.

Complaint is made that the jury was not instructed for what purpose the evidence of the transaction at the farm should be considered. No instruction of this kind was requested, and, under the well-established rule, in the absence of a request, the court is not required to give such an instruction.

The affidavit of a juror was filed in support of motion for new trial, in which he recited the arguments used in the jury room, based on the evidence adduced, by suggesting untenable reasons for the verdict. Such matters inhere in the verdict of the jury, and may not be established by affidavits. This is so well settled as to not require argument. No fact appears to have been asserted, not shown by the evidence. It was otherwise in *Douglass v. Agne,* 125 Iowa 67, on which the appellant relies.

The verdict was not excessive, and, as we discover no reversible error in the record, the judgment must be and is—*Affirmed.*

Weaver, C. J., Gaynor and Stevens, JJ., concur.