## STATE v. HEFFERNAN et al.

Under Const. art. 6, § 7, giving an accused the right to face the witnesses against him, and Rev. Code Cr. Proc. § 7, subd. 3, giving accused the right to be confronted by the witnesses against him in the presence of the court, it was error to read from the stenographer's tanscript the testimony on preliminary examination of witnesses for the state who were then absent from the state.

(Opinion filed, December 16, 1908.)

Appeal from Circuit Court, Kingsbury County. Hon. CHAS. S. WHITING, Judge.

Thomas Heffernan and Ellen J. Taylor were convicted of adultery, and they appealed from the judgment and order denying a new trial. Reversed, and new trial ordered.

*D. A. Crawford* and *George G. Yeaman,* for appellants. *S. W. Clark, Atty. Gen., William H. Warren, State's Atty.,* and *Chas P. Warren, Asst. State's Atty.,* for the State.

HANEY, P. J. Having been convicted of adultery and sentenced to imprisonment in the penitentiary, the defendants in this action appealed from the judgment of the circuit court and its order denying their application for a new trial.

It is contended there was reversible error in allowing the stenographer who reported the evidence on the preliminary examination. to read from his transcript the testimony of certain witnesses who then testified on behalf of the government, but who were absent from the state when the action was tried in the circuit court. As this testimony was extremely damaging to the accused, a reversal is unavoidable if error was committed with respect to its introduction. Appellants' argument may be summarized thus: (1) The testimony of absent witnesses may not properly be introduced under any circumstances on the trial of a criminal action against the defendants' objection. (2) Assuming there may be exceptions to the rule, the present case falls within no recognized exception. (3) If it does, a proper foundation was not laid in this instance. Our state Constitution declares: "In all criminal prosecutions the accused shall have the right * * * to meet the witnesses against him face to face." Article 6, § 7. Our Revised Code of Criminal

Procedure provides: "In a criminal action the defendant is entitled: * * * To produce witnesses on his behalf, and to be confronted with the witnesses against him in the presence of the court." Section 7, subsec. 3.

Numerous decisions have been cited by the learned Attorney General which appear to hold that the foregoing requirement of the Constitution may be satisfied by an opportunity to confront and cross-examine witnesses before the examining magistrate, and that a statute authorizing the introduction of testimony taken down in the presence of the accused on the preliminary hearing, to be introduced on the trial when the witnes is dead, insane, or beyond the jurisdictian of the court, might be sustained. Such statutes are in force in several jurisdictions. The one in California reads as follows: "In a criminal action the defendant is entitled: * * * To produce witnesses on his behalf, and to be confronted with the witnesses against him, in the presence of the court, except that (1) where the charge has been preliminarily examined before a committing magistrate and the testimony taken down by question and answer in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness; or (2) where the testimony of a witness on the part of the people, who is unable to give security for his appearance, has been taken conditionally in the like manner in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, the deposition of such witness may be read, upon its being satisfactorily shown to the court that he is dead or insane, or cannot with due diligence be found within the state." 4 Kerr's Cyc. Codes of Cal. p. 642, § 686. Manifestly, decisions based upon such statutes are not pertinent to the present inquiry.

The language of our statute is plain and unambiguous. It contains none of the exceptions found in the California Code, and which this court would be required to engraft upon the law of this state in order to sustain this conviction. It entitles the accused to be confronted with the witnesses against him "in the presence of the court." This means, if it means anything, that the witnesses must appear and testify in the presence of the court wherein the

action is being tried. It certainly was competent for the Legislature to prescribe such a rule of procedure. There is no room for doubt as to the legislative intent. If the statute should be amended it is for the Legislature, not this court, to amend it. As the question is, not what may be done under the Constitution, but what may not be done under the statute, decisions relating to the effect of the constitutional provision are wholly foreign to the issue involved. Nor is the contention tenable that heretofore this court has ruled adversely to the appellants. Estey v. Birnbaum, 9 S. D. 174, 68 N. W. 290, was a civil case, wherein the defendant offered the testimony of the plaintiff's agent, given on a former trial, as an admission against his principal. Merchants' National Bank v. Stebbins, 10 S. D. 466, 74 N. W. 199, also, was a civil case. The attention of the court was not directed to the provision of the statute involved in the case at bar. Such provision was not, and properly could not have been, considered. One judge dissented, and another concurred specially. Nothing was determined except that the judgment in that particular case sould be reversed.

Believing that, in the introduction of the testimony of these absent witnesses over timely and proper objections, there was a substantial departure from the mode of procedure prescribed by the Legislature for the trial of criminal actions, necessarily prejudicial to the substantial rights of the accused, the judgment and order appealed from are reversed, and a new trial ordered.

WHITING, J., taking no part in the decision.