STATE, RESPONDENT, *v.* PIVERAL, APPELLANT.

No. 9309.

Submitted October 27, 1953. Decided December 3, 1953.

Amended on Denial of Rehearing January 15, 1954.

265 Pac. (2d) 969.

428

Mr. Justice Anderson especially concurred and Mr. Justice Angstman dissented.

Franklin S. Longan, Robert L. Jones, Billings, for appellant.

Arnold H. Olsen, Atty. Gen., John L. McKeon, Asst. Atty. Gen., James F. Battin, Deputy Co. Atty., Billings for respondent.

Mr. Longan, Mr. McKeon and Mr. Battin argued orally.

MR. JUSTICE FREEBOURN:

This is an appeal by Lee Piveral, defendant and appellant, from a judgment of conviction upon a charge of obtaining money under false pretenses, wherein Piveral was sentenced to serve two years in the state prison.

The facts of the case are stated in State v. Keller, 126 Mont., 62, 246 Pac. (2d) 817, wherein this court affirmed the conviction of Keller and granted Piveral a new trial.

The principal witness against Piveral, in the first trial, was Miller Robert Fulp. Without the testimony of Fulp, the evidence is insufficient to justify a conviction of Piveral, who is a widower, 43 years of age, with a family of five children, all under 18 years of age, and who, the record discloses, had not been in trouble before.

From the record it appears that the trial judge, on November 26, 1952, set Piveral's case for a second trial at 9:30 a. m. on December 10, 1952. No effort was made to subpoena Fulp until December 9, 1952, when, about 4:30 p. m. of that day a subpoena was delivered by the prosecution to the sheriff's office for service on Fulp. The deputy sheriff, attempting to serve such subpoena, learned that Fulp, on December 1, 1952, was preparing to leave Billings with his mother and thereafter did go to Pasadena, California. It would seem that Fulp could have been served with a subpoena and would have been a witness at the second

trial if the prosecution had used due diligence in getting out a subpoena for him and delivering it to the sheriff for service after the trial setting had been made on November 26, 1952.

Although Piveral was at liberty under bond, the prosecution made no move to vacate the setting or continue the cause for trial, but elected to go ahead in the absence of Fulp.

To make a case against Piveral, the prosecution read into evidence, over objection, the testimony given by Fulp at the first trial. This was error.

Our state Constitution, Article III, sec. 16, provides: "In all criminal prosecutions the accused shall have the right * * * to meet the witnesses against him face to face * * *." These exact words are again enunciated in R. C. M. 1947, sec. 94-4806, subd. 3.

"He [the defendant] is entitled to meet the witnesses against him face to face, if he insists upon it. In other words, these are rights which he may invoke. They are for his benefit, and, if he insists upon them, they cannot be denied him". State v. Vanella, 40 Mont. 326, 106 Pac. 364, 367.

R. C. M. 1947, sec. 93-401-4, provides: "A witness is presumed to speak the truth. This presumption, however, may be repelled by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character for truth, honesty, or integrity, or his motives, or by contradictory evidence; and the jury are the exclusive judges of his credibility."

The trial judge gave the jury an instruction, No. 11, in the exact words of section 93-401-4, supra. This instruction could not be applied to Fulp in this trial because the jury, did not see and observe him testify.

It is only by this meeting of the witness "face to face" in the presence of the jury which is to find the defendant guilty or not guilty that such witnes can be examined and cross-examined before such jury, which can then and only then from such witness's manner, demeanor, and words, determine if such witness is entitled to and worthy of credit, as provided by R. C. M. 1947, sec. 93-401-4, and instruction No. 11, supra.

430

The cases which permit testimony, given by a witness in a first trial, to be read into evidence in a second trial, in the absence of such witness, are based upon the theory that the accused has been present when the witness gave the testimony in the first trial, and had the opportunity of then cross-examining such witness. 15 A. L. R. 512.

Such cases proceed upon the theory that the observation by the jury of the manner and demeanor of the witness is no essential part of the right of a defendant to meet the witness "face to face." State v. Heffernan, 22 S. D. 513, 118 N. W. 1027, 25 L. R. A., N. S., 868; 15 A. L. R. 518, 519.

We subscribe to no such theory. To do so would be to make R. C. M. 1947, sec. 93-401-4, a useless and meaningless thing and would deny the defendant the right to meet the witness against him "face to face", a right guaranteed him by Article III, sec. 16, of our state Constitution.

Accordingly the judgment is reversed and the cause is remanded to the district court for a new trial (R. C. M. 1947, secs. 94-8210 to 94-8212) unless the district court should order a dismissal pursuant to the provisions of R. C. M. 1947, sec. 94-9505.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICE BOTTOMLY, concur.

MR. JUSTICE ANDERSON, (specially concurring).

I agree that the cause should be reversed. I do not subscribe to the reasoning found in the majority opinion. No useful purpose would be served by disclosing my views having to do with my reasons why a reversal should follow.

MR. JUSTICE ANGSTMAN, (dissenting).

I do not agree that it was error to receive in evidence the testimony given by Fulp at the first trial. My views on this subject are set forth in my dissenting opinion in the case of State v. Storm, 127 Mont. 414, 265 Pac. (2d) 971, and need not be repeated here.

However, there is this difference between this case and the Storm case. In the Storm case due diligence was used to locate the absent witness but his whereabouts at the time of the trial was unknown and hence his testimony was not obtainable. Here the witness Fulp was known to be absent from the state. That brings the case squarely within section 93-401-27, R. C. M. 1947, which in part provides: "Facts which may be proved on trial. In conformity with the preceding provisions, evidence may be given upon a trial of the following facts: * * * 8. The testimony of a witness deceased, or out of the jurisdiction, or unable to testify, given in a former action between the same parties, relating to the same matter. * * *" And section 94-7209 declares: "The rules of evidence in civil actions are applicable also to criminal actions, except as otherwise provided in this code."

The case of State v. Ortego, 22 Wash. (2d) 552, 157 Pac. (2d) 320, 159 A. L. R. 1232, gives an exhaustive review of the authorities supporting the right to produce the testimony of a witness without the jurisdiction given at a former trial. Other cases are cited in the note in 159 A. L. R. 1240. And see the additional authorities cited in my dissenting opinion in the Storm case.

I think the judgment should be affirmed.