## No. 17,032.

### HAYNES *v.* THE PEOPLE.
#### (265 P. [2d] 995)

Decided December 7, 1953.   Revised opinion filed, and petition for
rehearing denied January 25, 1954.

Mr. Fred M. Winner, Mr. William G. Berge, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank A. Wachob, Deputy, Mr. Norman H. Comstock, Assistant, for the people.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

By information dated November 29, 1951, plaintiff in error, to whom we hereinafter refer as defendant, was charged in the district court within and for the County of Clear Creek with the murder of one Filipek. A plea of not guilty was entered, and upon trial a verdict of guilty of second degree murder was returned by the jury. After motion for a new trial was filed and overruled, judgment was entered upon the verdict, and defendant was sentenced to serve a term of not less than twenty nor more than twenty-five years in the state penitentiary at Canon City. Seeking reversal of this judgment he brings the case here by writ of error.

Counsel for defendant, in their brief, state their position as follows: "Three fundamental errors will be discussed in the argument: (1) *The evidence was insufficient to sustain the conviction;* (2) *The Court erred in admitting the testimony of the witness Brogitti;* and (3) *The Court erred in instructing on first degree murder.*"

Consideration of the second of the above grounds on which defendant relies for reversal of the judgment will dispose of the case and make it unnecessary for us to pass upon other questions presented.

The offense was alleged to have been committed on the 25th day of November, 1951. November 29th, upon

the request of the district attorney, and pursuant to the provisions of section 470, chapter 48, '35 C.S.A., the deposition of the witness Brogitti was taken. Defendant was present in person and was represented by counsel appointed by the court, at the taking of said deposition. Upon the trial of the case this deposition was offered in evidence by the district attorney, and counsel for defendant objected to its admission on the ground that no sufficient showing was made that the witness was not available. The sheriff testified, as a foundation for use of the deposition in evidence, as follows: "Q. In connection with your official duties, did you serve the subpoenas in this case? A. Yes, sir. Q. Were you handed a subpoena by the Clerk of this Court with the name Bruce Brogitti? A. I was. Q. Did you look for this individual? A. I did. Q. Where did you make inquiry concerning him? A. At several places throughout the county, places where he had worked and where he roomed and associates that I have known of his. I was unable to locate him. Q. Have you been able to locate his present whereabouts? A. No." These questions were asked by the district attorney, and counsel for defendant made no inquiries on cross-examination. The trial court, in passing upon the objection of defendant's attorney, said, inter alia: "The Court finds that the showing as far as the availability of the witness is concerned is adequate, * * *." The objection to the admission in evidence of the deposition was overruled.

The statute governing the use of a deposition taken in a criminal case is section 473, chapter 48, '35 C.S.A., the pertinent portion of which is as follows: " * * * provided, that such deposition shall not be used if, in the opinion of the court, the personal attendance of the witness might be procured by the prosecution, or is procured by the accused."

Question to be Determined.

*Is the testimony hereinabove quoted sufficient to justify the conclusion of the trial court that personal at-*

*tendance of the witness could not be procured by the prosecution?*

■ The question is answered in the negative. The general rule governing the use of depositions in criminal cases is set forth in 23 C.J.S., page 371, section 1001, as follows: "As a general rule, depositions of witnesses cannot be used where such witnesses are within the jurisdiction of the court and it is possible to obtain their attendance by proper process."

■ ■ Rule 26 (d) of our Rules of Civil Procedure, although not applicable to criminal cases, fixes standards for the use of depositions which are somewhat different from those adopted by the legislature for criminal causes. If the statute governing the use of depositions in criminal cases is susceptible to such interpretation, it should be construed in such manner as to give protection to a defendant that is at least equal to that afforded a party in a civil suit against whom a deposition is offered in evidence. The right of the prosecution to take the deposition of a witness in a criminal case is set out in chapter 48, sections 471 and 472, '35 C.S.A., which we have held to be constitutional. *Ryan v. People,* 21 Colo. 119, 40 Pac. 775. However, as was stated in that case: "It requires no argument to show that provisions of this character, being an exception to the general rule of evidence in criminal cases requiring the prosecution to confront the accused upon final trial with the witnesses against him, deal with one of the most sacred rights of the individual, and must be followed in all substantial particulars, or the deposition will not be permitted to be read to the jury."

We find no fault with the manner in which the deposition in the instant case was taken, but we are of the opinion that there was not sufficient showing of diligence by the district attorney in attempting to produce the witness Brogitti at the trial. The record before us fails to establish that his presence at the trial could not have

been readily procured had the prosecuting officials been diligent.

The return made by the sheriff on the subpoena was dated January 4, 1952, eleven days before the trial. It is not clear whether or not effort was made to locate the witness after the sheriff made return of the subpoena. Thus, over the objection of counsel for defendant; on the bare showing hereinabove quoted; and in the complete absence of any information concerning the detailed effort of the sheriff to locate the witness at any time, the trial court permitted the deposition to be used. For all that appears in this record the witness might well have been available on the day of the trial. The prosecution had the burden of showing diligence and good faith in an effort to produce the witness at the trial. The objection of the attorney for defendant to the use of the deposition was explicit and altogether adequate to direct the attention of the court and district attorney to the absence of any detailed information whatever for the guidance of the court in determining whether diligence had been exercised by the prosecuting officers in an effort to produce the attendance of the witness.

The pertinent provisions of the statute hereinabove quoted were considered by our court in *LeMaster v. People,* 54 Colo. 416, 131 Pac. 269, from which we quote the following: "Prior to the trial, depositions of witnesses residing in Kansas were taken, in the presence of the accused, pursuant to a waiver of notice by him. * * * When the district attorney offered to read these depositions to the jury, counsel for the defendant objected, claiming that no proper foundation was laid; that there was no showing that the witnesses could not be produced. * * * It stands admitted that these witnesses were residents of Kansas, their depositions were taken in order that they might return to that state." In the LeMaster case our court held that there was no abuse of discretion exercised by the trial court in receiving the depositions in evidence.

The case at bar is readily distinguishable from the LeMaster case. In that case depositions were taken in order to permit witnesses to return to their home in the State of Kansas. In the case at bar no reason whatever appears for taking the deposition. Brogitti stated in his deposition that his place of residence was Idaho Springs, Colorado, which is the city in which the offense was committed and is located in the county where the trial was held.

█ While depositions are allowable in criminal cases, the circumstances permitting their use must be extraordinary. The necessity must be clearly established, and the duty of showing that necessity is the burden upon the prosecution. *Reynolds v. Fitzpatrick*, 28 Mont. 170, 72 Pac. 510; *Healy v. First National Bank of Great Falls*, 108 Mont. 180, 89 P. (2d) 555. In *Moormeister v. Golding*, 84 Utah 324, 27 P. (2d) 447, the Supreme Court of that state, under a somewhat comparable statute, said: *"It would therefore be error to admit a deposition in the absence of a showing that the person offering the deposition has used due diligence to find him,* that he could not be found, or that he was not within the reach of the process of the court." (Emphasis supplied.)

█ We are satisfied that there was no sufficient showing in the instant case of due diligence on the part of the prosecuting officials in an effort to produce the witness Brogitti at the trial, and the trial court erred in admitting the deposition in evidence.

The judgment accordingly is reversed and the cause remanded for further proceedings consistent with the views herein expressed.