286

No. 18,874.

FRED G. TRUJILLO *v.* PEOPLE OF THE STATE OF COLORADO
(338 P. [2d] 102)

Decided April 20, 1959.

Mr. BRIAN J. MULLETT, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as defendant, was accused of having unlawful possession of a quantity of Cannabis Sativa L., commonly known as marijuana. He entered a plea of not guilty but upon trial was found guilty. After motion for new trial was filed and overruled, judgment was entered on the verdict and defendant was sentenced to a term in the Colorado state penitentiary.

In this court, on writ of error, there is but one assignment of error. It is set forth by counsel for defendant as follows:

"The trial court erred in admitting the testimony of the witness Homer Beattie by deposition when the prosecution had wholly failed to establish that the witness was unavailable to appear personally in court. Since this testimony was essential to the chain of evidence relating to the exhibits which were used as the basis of the testimony of the expert witness, James Shumate, this error was highly prejudicial. Had the deposition been excluded, as properly it should have been, the exhibits and the expert testimony as to their narcotic nature would have been excluded. Of course without such expert testimony the evidence would have been insufficient to justify the verdict."

Defendant relies on the case of *Haynes v. People,* 128 Colo. 565, 265 P. (2d) 995, as authority for his contention that error was committed by the trial court in permitting the deposition of the witness Homer Beattie to be read in evidence. At the time the deposition was taken it was known that the witness would not be available to appear at the trial. Defendant was represented by counsel who appeared for him upon trial of the case. When the deposition was taken the following questions and answers were given:

"Q. And what is your occupation, Mr. Beattie? A. Captain of the Detective Bureau, Colorado Springs Police Department.

\* \* \*

288

"Q. What is your status with the Police Department at the present time, sir? A. I am on vacation at this time. I will be retired April 15th. Q. I see. Your present plans — what are your present plans as soon as your vacation period has ended? A. Leaving the City.

\* \* \*

"Q. I see. Your present plans indicate that you will not be available to be a witness in the trial of Fred Trujillo on April 15th? A. Yes, sir, that is right."

■ The deposition was taken April 1, 1958. At the time of trial no showing was made as to the nonavailability of the witness. Under the holding of this court in *Haynes v. People,* supra, and *Archina v. People,* 135 Colo. 8, 307 P. (2d) 1083, no sufficient foundation was laid for the use of the deposition as evidence; however, the only material evidence given by the witness was that the exhibits which were taken from defendant passed through his hands and that he had them in his possession for a few hours for delivery to the police custodian after they had been examined by an expert as to their identity as a narcotic.

■ The exhibits were specifically identified by the officers who arrested the defendant as being those in his possession at the time of the arrest, and the initials of the arresting officers were placed on the exhibits at that time. The exhibits were specifically identified by the expert as the identical specimens which he had examined. Where the identity of an exhibit is thus established as being the identical object taken from the defendant, it is not necessary to call as a witness every person who may have held it in his hands for a few moments or a few hours following its seizure by the arresting officers. The identity of the marijuana cigarettes actually examined by the expert as being the identical ones traced to defendant was conclusively established by the testimony of other witnesses, and that contained in the deposition, being merely cumulative, could not

possibly have prejudiced the defendant in any manner. The judgment is affirmed.

MR. JUSTICE SUTTON not participating.