No. 12395

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs -

DOMINIC D. LaCARIO,

Defendant and Appellant.

---

Appeal from: District Court of the Seventeenth Judicial District
Honorable Thomas Dignan, Judge presiding.

Counsel of Record:

For Appellant:

Leonard H. Langen argued, Glasgow, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
J. C. Weingartner argued, Assistant Attorney General,
Helena,Montana

Gordon T. White, County Attorney, argued, Glasgow,
Montana

---

Submitted: September 25, 1973

Decided: JAN 23 1974

Filed: JAN 23 1974

Thomas J. Kearney
Clerk

PER CURIAM:

Defendant Dominic D. LaCario was convicted of two counts of the unlawful sale of dangerous drugs in the district court of Valley County. The two counts related to selling LSD to Bradly and Wendy Rasmussen on April 18, 1972. One count concerned a sale made at the Clansman Lounge in Glasgow, Montana, the other involved a sale made at the Rasmussen apartment, B-2 of the Lasar Apartments, in Glasgow.

Bradly Rasmussen age 21, was an enlisted member of the United States Army and stationed in Viet Nam. His wife, Wendy Rasmussen, age 19, resided in Glasgow, Montana at apartment B-2 of the Lasar Apartments. The couple had a ten month old daughter.

Bradly Rasmussen returned to Glasgow on April 3, 1972. The following evening Wendy Rasmussen told her husband that she had had sexual relations with defendant LaCario and with other men while Bradly was overseas. Later that evening Bradly was introduced to defendant at the Clansman Lounge in Glasgow by Wendy. Bradly was very friendly toward defendant and invited him to the couple's apartment for dinner. Defendant testified he accepted the invitation and while at the Rasmussen apartment Bradly told defendant he knew what had happened with his wife and that he bore defendant no ill will because of it. The Rasmussens and defendant socialized on several occasions between the date of Bradly's return and defendant's arrest.

On April 16, 1972, Bradly visited the Glasgow police department, twice alone and once with Wendy, and offered to cooperate with the police in providing information concerning defendant's involvement in a burglary or in drug sales.

On April 18, 1972, at about 4:00 p.m. Bradly joined his wife and defendant at the Clansman Lounge. After giving Bradly Rasmussen an LSD tablet and a marijuana cigarette, defendant told Bradly that he could obtain approximately 50 tablets of LSD and would sell them to Bradly.

The Rasmussens left the Clansman Lounge and went to the police station. They showed the chief of police the LSD tablet and marijuana cigarette and offered to cooperate with police in apprehending defendant while making a drug sale.

The police accepted the offer and about 9:15 p.m. three officers came to the Rasmussens' apartment. The Rasmussens were given $60 in marked bills. One officer concealed himself in a closet, and two others waited in an apartment across the hall. Bradly then went to the Clansman Lounge and found defendant. When the two returned to the apartment, defendant took a package containing 50 LSD tablets from his pocket and placed it on the table. Wendy gave defendant the $60 provided by the police. Defendant was offered a marijuana cigarette and took a few puffs. Police officers then entered the room, arrested defendant and seized the evidence. After the arrest a photo was taken of defendant and the Rasmussens in the apartment.

On the opening day of defendant's trial the county attorney announced that the testimony of prosecution witnesses Bradly and Wendy Rasmussen would be offered in the form of depositions "which were taken under Court Rule and I hand the Court the Affidavit of the County Attorney in compliance with the provisions of Sec. 95-1802, paragraph (e), showing that the two witnesses are in fact absent from the State of Montana, and that the absence is due to the assignment of the witness Bradly I. Rasmussen in the military service to Fort Bliss, Texas."

Defense counsel objected contending it was very possible these two witnesses would have voluntarily appeared if requested, and defendant was entitled to have the witnesses present. The court asked the county attorney if subpoenas had been issued for these witnesses. He replied that he had not done so and believed under the terms of the statute that he was not required to do so. The trial court then allowed the depositions to be read.

An affidavit of the clerk of the district court of Valley County was included as a part of the record on appeal by stipulation

of the prosecution and defense. That affidavit states that on July 18, 1972, six days subsequent to the conclusion of the trial, Bradly and Wendy Rasmussen appeared in person in the district court of Valley County to testify in a criminal cause entitled State of Montana v. Joseph A. Stebleton, defendant.

Defendant here presents four issues on appeal:

1) Whether the district court erred in allowing the testimony of the Rasmussens to be presented by deposition?

2) Whether a marijuana cigarette and a photograph of defendant taken at the time of his arrest were properly admitted into evidence?

3) Whether the district court erred in refusing to give defendant's proposed instructions numbered 4 and 5 relating to entrapment and proposed instruction number 9 relating to accomplice testimony?

4) Whether the district court erred in denying defendant's motions for a directed verdict and for a new trial?

Issue (1). The state relies upon this Court's decision in State v. Zachmeier, 153 Mont. 64, 70, 453 P.2d 783, in support of its contentions regarding this issue. A reading of Zachmeier indicates the opposite:

> "In support of his contention that defendants have a constitutional right to meet witnesses against him face to face at trial so the jury can observe their demeanor and pass upon their credibility while observing the witness on the stand, the defendant relies primarily on the cases of State v. Storm, 127 Mont. 414, 265 P.2d 971 (1953) and State v. Piveral, 127 Mont. 427, 265 P.2d 969 (1953). It is not necessary to dwell on these authorities because this trial was conducted under the new rules of criminal procedure. Section 95-1802(e), R.C.M. 1947, provides:

> "'At the trial or upon any hearing, a part or all of a deposition, so far as otherwise admissible under the rules of evidence, may be used if it appears: That the witness is dead; or that the witness is out of the state of Montana unless it appears that the absence of the witness was procured by the party offering the deposition; or that the witness is unable to attend or testify because of sickness or infirmity; or that the party offering the deposition has been unable to procure the attendance of the witness by subpoena * **.'

" * * *

"In our opinion what the United States Supreme Court said in the above cited case [Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L. Ed. 409 (1895)] with regard to deceased witnesses should also apply with regard to any sworn testimony where the defendant has been afforded an opportunity to cross-examine the witness and <u>where it has also been shown that after due diligence the witness cannot be found</u>, and his absence was not procured by the party offering the testimony.

" * * *

"Here, the uncontradicted evidence shows that prior to the trial the witness had removed herself from the jurisdiction of the court, which placed her beyond the reach of process of the court and <u>that after due diligence on the part of the prosecution the residence of the witness could not be ascertained.</u>" (Emphasis added)

In <u>Zachmeier</u> this Court clearly recognized that the exercise of due diligence in attempting to procure personal attendance of a prosecution witness is a prequisite to the introduction of the witness's deposed testimony, even when the witness is out of the state, as underlined in the above quotation.

This same issue was discussed by the Colorado Supreme Court in Haynes v. People, 128 Colo. 565, 265 P.2d 995, 997, 44 ALR2d 763:

"While depositions are allowable in criminal cases, the circumstances permitting their use must be extraordinary. The necessity must be clearly established, and the duty of showing that necessity is the burden upon the prosecution. Reynolds v. Fitzpatrick, 28 Mont. 170, 72 P. 510; Healy v. First National Bank of Great Falls, 108 Mont. 180, 89 P.2d 555. In Moormeister v. Golding, 84 Utah 324, 27 P.2d 447, 452, the Supreme Court of that state, under a somewhat comparable statute, said: 'It would therefore be error to <u>admit a deposition in the absence of a showing that the person offering the deposition has used due diligence to find him</u>, that he could not be found, or that he was not within the reach of process of the court.'"

Montana has enacted the "Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings". Sections 94-9001 through 94-9007, R.C.M. 1947. The annotation following section 94-9001 states that the act has also been adopted by Texas.

The Sixth Amendment to the United States Constitution and Art. II, Section 24 of the Montana Constitution (Art. III, Sec. 16,

- 5 -

1889 Montana Constitution), requires a greater exercise of diligence in the attempt to procure personal attendance of a prosecution witness than was demonstrated by the state in this case.

We find the remaining issues on appeal to be without merit with the exception of the issue concerning denial of defense motions and only insofar as this issue would relate to confrontation of witnesses matter hereinabove discussed.

The marijuana cigarette, although unrelated to the charges against defendant as an element of the offense, was so contemporaneous with the criminal acts for which he was charged as to be admissible as part of the res geste, which under Montana law can include acts as well as words. State v. Rollins, 149 Mont. 481, 428 P.2d 462; State v. Meidinger, 160 Mont. 310, 502 P.2d 58, 29 St.Rep. 861.

The photograph of defendant and the Rasmussens was relevant and had probative value to describe and identify the persons involved in the criminal proceeding. State v. Harney, 160 Mont. 55, 499 P.2d 802, 29 St.Rep. 627. The fact that the persons in the photograph were otherwise identified by evidence before the court makes this photographic evidence cumulative; it is nonetheless relevant.

Defendant's offered instructions 4 and 5 relating to the defense of entrapment were properly refused. Under Montana law entrapment is an affirmative defense. State v. Parr, 129 Mont. 175, 283 P.2d 1086; State v. White, 153 Mont. 193, 456 P.2d 54. LaCario's only defense offered and relied upon throughout the trial was a general denial of the acts charged.

Defendant's offered instruction 9 relating to accomplice testimony was properly refused. It contained an incorrect statement of the corroboration requirement for accomplice testimony provided for in section 94-7220, R.C.M. 1947, and was repetitive of given Instruction No. 7.

The judgment appealed from is reversed and this cause is remanded for further proceedings consistent with this opinion.