589 P.2d 1032
**Charles Fred McGUINNESS, Petitioner,**

**v.**

**STATE of New Mexico, Respondent.**
**No. 12155.**

Supreme Court of New Mexico.

Jan. 15, 1979.

Rehearing Denied Feb. 5, 1979.

Reginald J. Storment, Appellate Defender, Martha A. Daly, Asst. Appellate Defender, Santa Fe, for petitioner.

Toney Anaya, Atty. Gen., Charlotte H. Roosen, Asst. Atty. Gen., Santa Fe, for respondent.

OPINION

SOSA, Chief Justice.

The questions presented for review are: Did the Court of Appeals err in holding that the deposition of the State's chief witness was properly admitted in this criminal trial under the applicable procedural rules? Did the Court of Appeals err in holding that such admission did not violate defendant's right to confront and cross-examine the witnesses against him? We hold that the Court of Appeals erred in holding the deposition was properly admitted.

Defendant was charged with second-degree murder. Prior to trial and at the

State's request, the deposition of a Ben Vigil was taken. In that deposition, Vigil testified as an eyewitness to the murder. He related that defendant was present at the scene of the crime; defendant was in the bedroom with the decedent when the first shot was fired in that room; decedent ran from the bedroom with defendant behind him; defendant fired a shot from the living room through the screen door after decedent had exited through the door; and defendant followed decedent outside, after which Vigil heard two more shots. Defendant and his counsel were at the deposition. Defense counsel cross-examined Vigil regarding his testimony. At that time, counsel did not know the name of an informant, Bernie Lovato, and was unable to test Vigil's credibility by cross-examining him as to Lovato's presence at the scene of the crime.

On February 21, 1977, Vigil called defense counsel and made statements which directly conflicted with his testimony at the deposition. Defense counsel was unable to introduce testimony regarding these statements at trial. Lovato appeared as an eyewitness for the State. He testified to essentially the same story that Vigil had told at the deposition. However, Lovato testified that no shot was fired through the screen door and that he heard five shots fired.

The State subpoenaed Vigil to testify at trial. He appeared and was sworn in before the jury. Prior to the State asking him any questions, the jury was sent out. Vigil then informed the court that he would invoke his fifth amendment privilege in response to any questions regarding the subject matter of his testimony at the deposition. Vigil asserted that his testimony at trial regarding the events on the night of the murder would directly conflict with his prior sworn testimony, that this conflict would expose him to a prosecution for perjury, and that the privilege applied because of this exposure. The trial court ruled that the privilege was properly claimed. Vigil was excused. The State then moved to admit the deposition; it was admitted over defendant's objection. The court told the jury that Vigil was absent and unavailable.

Defendant contends that use of the deposition at trial was error because it was inadmissible under applicable procedural rules and denied him his right to confront witnesses testifying against him. The Court of Appeals held that Vigil's assertion of his privilege against self-incrimination made him unavailable and that the deposition was therefore admissible under N.M.R. Crim. P. 29(n)(3) [N.M.S.A. 1978 (formerly § 41–23–29(n)(3), N.M.S.A. 1953 (Supp. 1975)].

█ The general rule governing the use of depositions in criminal cases is stated in 23 C.J.S. *Criminal Law* § 1001 (1961), at page 1059, as follows:

[D]epositions of witnesses cannot be used where such witnesses are within the jurisdiction of the court and it is possible to obtain their *attendance* by proper process. (Footnote omitted and emphasis added.)

While depositions are allowable in criminal cases, the circumstances permitting their use must be exceptional. *State v. Barela*, 86 N.M. 104, 519 P.2d 1185 (Ct.App. 1974); 26A C.J.S. *Depositions* § 16 (1956). The necessity must be clearly established, and the burden of showing that necessity is on the prosecution. *Haynes v. People*, 128 Colo. 565, 265 P.2d 995 (1954).

█ In New Mexico, the only authority for the use of a deposition in a criminal proceeding is N.M.R. Crim. P. 29(n). *State v. Berry*, 86 N.M. 138, 520 P.2d 558 (Ct. App. 1974). Rule 29 governs the taking and use of depositions in criminal cases; it is an exception to the general rule of evidence requiring the prosecution to confront the accused face to face with those witnesses against him and deals with one of the most sacred rights of the individual. The use of a deposition at trial by the State requires strict compliance with Rule 29. *State v. Berry, supra; State v. Barela, supra.* Unless the statute is followed in all substantial particulars, the deposition will not be permitted to be read to the trier of fact. 26A C.J.S. *Depositions* § 16 (1956).

Rule 29(n) provides:

*Use of Depositions.* At the trial, or at any hearing, any part or all of a deposi-

tion, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used:

(1) If the witness is dead;

(2) If the witness is unable to attend to testify because of illness or infirmity;

(3) If the party offering the deposition has been *unable to procure the attendance* of the witness by subpoena;

(4) If the witness is out of the state, his presence cannot be secured by subpoena or other lawful means, and his absence was not procured by the party offering the deposition; and

(5) To contradict or impeach the witness.

If only part of a deposition is offered in evidence by a party, any adverse party may require him to offer any other part or parts relevant to the part offered, and any party may introduce any other parts, subject to the rules of evidence. (Emphasis added.)

Rule 29 specifies five situations in which depositions may be used in evidence as if the witness were present and examined in open court. These are situations of unavailability such as death, physical inability to attend the trial, and uncontrived absence.

There is authority that a deposition may, in the discretion of the court, be admitted although the deponent is present at trial; however, the general rule is that under such circumstances a deposition is inadmissible. 26A C.J.S. *Depositions* § 92(2)(e) (1956). Where a witness is excused from testifying on the ground that he cannot do so without incriminating himself, his deposition is not thereby rendered admissible. *Hayward v. Barron*, 38 N.H. 366 (1859).

We recognize that there is authority to the contrary. In *State v. Yates*, 442 S.W.2d 21 (Mo. 1969), the Missouri Supreme Court held that where the witness invoked her privilege against self-incrimination at trial, she made herself as "unavailable" as if she were dead or out of state. Defendant was allowed to read the portions of the witness' deposition taken by his counsel indicating

that the witness, not defendant, had made the sale of the drug which was the subject of the prosecution. The court said:

When the testimony of a witness, produced in open court to testify for a defendant, becomes unavailable to defendant because the witness invokes his constitutional privilege against self-incrimination, a necessity arises for the admission of his previously given testimony from a secondary source, in order that *defendant* may be accorded a fair trial. In such case the witness is unavailable as a practical matter and his testimony should be received. (Citations omitted and emphasis added.)

*Id.* at 28. *Yates* is distinguishable from the case presently before us. In *Yates*, defendant was the one seeking to introduce the deposition. Here the State was the one seeking admission of the deposition.

We prefer to follow the rationale of *People v. Lawrence*, 168 Cal.App.2d 510, 336 P.2d 189 (1959). There the lower court's refusal to allow defendant to read to the jury the witness' prior testimony was held proper. The court determined that the case was not within the purview of its penal code, which admitted former testimony by a witness who is deceased, insane, or out of the jurisdiction, or who can not, with due diligence, be found within the state. The court stated that the witness did not come within any of the quoted exceptions.

He was physically present in the courtroom. His failure to testify stemmed merely from the exercise of his legal right to assert his privilege against self-incrimination, not because of death, insanity, absence from the jurisdiction or lack of anybody's ability to find him.

336 P.2d at 194.

Similarly, in the case at bar, we find that Vigil's deposition was not within the purview of Rule 29. This rule provides for the use of a deposition at trial "[i]f the party offering the deposition has been unable to procure the attendance of the witness by subpoena." Rule 29(n)(3). The State offered the deposition as evidence despite the fact that it was able to procure Vigil's attendance.

We agree with the Court of Appeals that once Vigil was permitted to claim his privilege against self-incrimination, he became unavailable as a witness under N.M.R. Evid. 804(a)(1) [N.M.S.A. 1978 (formerly § 20–4–804(a)(1), N.M.S.A. 1953 (Supp. 1975))]. As a result of this unavailability, the deposition would not be excluded because of the hearsay rule. N.M.R. Evid. 804(b)(1), [N.M.S.A. 1978 (formerly § 20–4–804(b)(1), N.M.S.A. 1953 (Supp. 1975))]. However, the fact that the deposition was not to be excluded as hearsay does not authorize its admission if it is excludable on other grounds. We find the deposition was excludable because of N.M.R. Crim. P. 29.

The Court of Appeals' decision that Vigil's deposition was admissible under N.M.R. Crim. P. 29(n)(3) is hereby reversed. This cause is, therefore, remanded for a new trial.

McMANUS, Senior Justice, and EASLEY, PAYNE and FEDERICI, JJ., concur.