600 P.2d 281

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Raymond GARDUNO, Defendant-Appellant.**

**No. 12047.**

Supreme Court of New Mexico.

Sept. 25, 1979.

Donald C. Schutte, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Janice Marie Ahern, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

The question presented by this appeal is whether the trial court properly sentenced defendant to life imprisonment under § 30–31–20(B)(2), N.M.S.A.1978 after his convictions for violation of the Controlled Substances Act.

Defendant was convicted of two counts of trafficking in a controlled substance contrary to § 30–31–20(A). Defendant does not challenge the convictions but argues that the trial court improperly imposed life sentences for the two convictions. The statute, § 30–31–20(B), provides that:

> Except as authorized by the Controlled Substances Act, it is unlawful for any person to intentionally traffic. Any person who violates this subsection is:
>
> (1) for the first offense, guilty of a felony and shall be punished by a fine of not more than ten thousand dollars ($10,-000) or by imprisonment for not less than ten years nor more than fifty years, or both; and
>
> (2) *for the second and subsequent offenses,* guilty of a felony and shall be punished by a fine of not more than fifteen thousand dollars ($15,000) or by imprisonment for life, or both. (Emphasis added.)

On the basis of defendant's prior federal conviction for possession with intent to distribute a controlled substance (heroin) contrary to 21 U.S.C. § 841 (1976), the trial court imposed two concurrent life sentences for the two convictions in this case, pursuant to § 30–31–20(B)(2).

Defendant claims his due process rights were violated by the imposition of the life sentences without a hearing or finding of fact on the question of whether he was the same person convicted of the prior federal offense. We do not agree.

Defendant had ample notice that a life sentence would be imposed if he was convicted of the state charges. The indictment specifically stated at page 2:

> NOTE: In the present case, as to *each* count, the life sentence provisions will apply (unless waived in writing by the State); the State will show Defendant to have been convicted of Trafficking (possession with intent to distribute) Heroin . . . in the United States District Court. . . .

Defendant's claim that he was not afforded notice that a conviction would result in a penalty of life imprisonment is not well taken. As to the argument that there was no specific finding of fact that defendant was the same person convicted of the prior federal offense, the record now contains such a finding. We remanded this case to the trial court following oral argument in October 1978. After a hearing on the matter the trial court made a specific finding that defendant was the same person convicted of the prior federal offense.

Defendant next contends that "second and subsequent offense" means a second or subsequent violation of § 30–31–20, and that a federal offense cannot be used to increase the penalty for the state offense. We do not agree. The statute merely refers to "second and subsequent offenses." It does not specify that the prior offense must have been committed in New Mexico or prosecuted under this Act. In this case the federal offense was substantially the same as the state offense. In other words, the same offense for which defendant was convicted in federal court was a crime under the state statute. Obviously, the intent of the statute is to deter people from repeating their previous offenses. Under similar circumstances, a fed-

eral conviction of possession with intent to distribute heroin, a felony, was sufficient to enhance a defendant's conviction under our Habitual Offender Statute. *McGuinness v. State,* 92 N.M. 441, 589 P.2d 1032 (1978). The relevant federal statute reads, in pertinent part, as follows:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; . . . .

21 U.S.C. § 841 (1976). Heroin is designated a "controlled substance" at 21 U.S.C. § 812(c)(b)(10) (1976).

Similarly, § 30–31–20(B) designates as unlawful, and felonious, the intentional trafficking of a controlled substance. And, as defined in § 30–31–20(A), "traffic" means the "manufacture . . . distribution, sale, barter or giving away . . . or . . . possession with intent to distribute" heroin. The statutes proscribe the same acts and require the same knowledge or intent.

Defendant pled guilty to the federal violation on March 31, 1975. Defendant's convictions in this case occurred on April 13, 1978. The state convictions were "subsequent" to the federal conviction. The elements necessary to prove the federal offense were the same as those required to prove the state charges. The federal offense was a prior conviction for purposes of the penalty provisions of the Controlled Substances Act, § 30–31–20(B)(2).

The trial court is affirmed.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.